**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **BRISHON BOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:09-cv-1237-WTL-JMS** |
| | ) | |
| **THE STATE OF INDIANA et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

Before the Court is a Motion to Dismiss (Docket No. 17) filed by the Indiana Department of Corrections and the State of Indiana.  Having thoroughly reviewed the Defendants' arguments, the Court now **GRANTS** the Defendants' motion for the reasons set forth below.

## I.  RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6) the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.  BACKGROUND

At all times relevant to this litigation, the Plaintiff, Brishon Bond, was an inmate confined at the Miami Correctional Facility ("MCF") near Kokomo, Indiana.  During his

incarceration, Bond developed a stomach ulcer, which occasionally required medical treatment beyond that available at the MCF.  On two occasions, Bond was transported from the MCF to Dukes Memorial Hospital ("Dukes") in Peru, Indiana.  The first time, Bond was treated, stabilized, and referred to a gastroenterologist.  However, the "Defendants refused to allow Bond an opportunity to be evaluated by the medical specialist."  Amended Compl. ¶ 14.  The second time that Bond was transported to Dukes he was ultimately transferred to Wishard Memorial Hospital ("Wishard") in Indianapolis, Indiana for "more aggressive treatment."  *Id.* ¶ 15.  The physicians at Wishard also referred Bond to a gastroenterologist.  The "Defendants again[] refused to allow Bond an opportunity to be evaluated by the medical specialist."  *Id.*

At the beginning of October 2007, Bond developed severe pain in his abdomen and requested medical assistance.  He was told to report to the MCF infirmary.  Because he was in so much pain, Bond asked a guard to transport him to the infirmary.  Bond's request was denied "and he was forced to crawl to the infirmary."  *Id.* ¶ 19.

The infirmary staff provided Bond with milk of magnesia but refused to give him any additional treatment.  Instead, they accused him of "'faking' the incident in an attempt to obtain narcotics."  *Id.* ¶ 20.  He was returned to his cell in a wheelchair.

Bond's condition continued to deteriorate.  The next morning, when Bond left his cell to go to breakfast, he collapsed.  Bond requested medical attention but the guards denied his request.  Instead they returned him to his cell by placing Bond into a blanket and swinging him back and forth "before hurling him back into his cell."  *Id.* ¶ 23.  When Bond's cellmate returned from breakfast, Bond was unresponsive.  Ultimately, Bond was taken first to the MCF infirmary, then to Dukes, and finally to Wishard.  Upon his return to the MCF, Bond was kept "in isolation

for three and a half weeks," so that the MCF staff "could monitor his visitors" and ensure that he was not consulting with an attorney.  *Id*. ¶¶ 30-31.

Bond did ultimately consult an attorney and filed this § 1983 suit against five Defendants: (1) the State of Indiana; (2) Governor Mitch Daniels; (3) the Indiana Department of Corrections; (4) Commissioner J. David Donahue; and (5) MCF Superintendent Mark R. Sevier. The State of Indiana (the "State") and the Indiana Department of Corrections (the "DOC") have now filed a motion to dismiss.[1]

## III.  DISCUSSION

The State and the DOC raise two arguments in support of their motion to dismiss.  First, they claim that under the Eleventh Amendment they enjoy sovereign immunity in federal court. Second, they allege that they are not "persons" under § 1983, and thus, cannot be sued under that statute.  The Court will address these arguments in turn.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI.  Thus, the Eleventh Amendment precludes both citizens and non-citizens from suing a non-consenting State.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).  Although Congress can abrogate the states' sovereign immunity, it has not done so with respect to § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  Nor has

---

[1] The Court notes that Defendants Daniels, Donahue, and Sevier did not join in the motion to dismiss.  Indeed, these parties have not appeared in the matter because the Plaintiff has failed to properly serve them as required by FED. R. CIV. P. 4.  Accordingly, the Plaintiff is ordered to **SHOW CAUSE** why this suit should not be dismissed for failure to serve.

the State waived sovereign immunity in the instant case by consenting to Bond's suit. Because

the State has not waived sovereign immunity, and because Congress has not abrogated the states'

sovereign immunity under § 1983, the State is not appropriate defendant to this suit. Similarly,

the DOC, which is an agency of the State of Indiana, is also immune from suit under the

Eleventh Amendment. *Billman v. Ind. Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995).

Thus, Bond cannot sue either the State of Indiana or the Indiana Department of Corrections to

redress his injuries.[2]  The Defendants' motion to dismiss is, therefore, **GRANTED**.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion to Dismiss (Docket No. 17) is **GRANTED** as to

the State and the DOC. The Plaintiff is ordered to **SHOW CAUSE** within fourteen (14) days of

the date of this Order why the other Defendants should not be dismissed for failure of service.

SO ORDERED:  5/10/10


*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Donald G. Banta
Indiana Office of the Attorney General
donald.banta@atg.in.gov

Nathan D. Foushee
Indy Law Group
Nate@IndyLawGroup.com

---

[2] Because the State and the DOC succeeded on their Eleventh Amendment arguments the Court does not address the argument that they are not "persons" under § 1983 except to note that this would also be a valid grounds for dismissing these Defendants.

4

Lynne Denise Hammer
Office of the Indiana Attorney General
Lynne.Hammer@atg.in.gov